IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE L. SCHEIB, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:14-cv-01247 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| ATTORNEY JAYME L. BUTCHER and | ) | |
| REED SMITH, LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

In this latest filing by this Plaintiff, she sues a local law firm, Reed Smith LLP, and one of its lawyers, Ms. Jayme Butcher, pursuant to 42 U.S.C. §§ 1983 and 1985(3). She does not allege any lawyer/client relationship with them, but instead contends that they are in some sort of conspiracy to violate her civil rights in combination with (1) Chief United States Bankruptcy Judge Jeffrey Deller, (2) their client, BNY Mellon, (3) then-Pennsylvania Attorney General (now Governor) Tom Corbett, (4) Allegheny County Common Pleas Judge Paul Lutty, and (5) an unidentified Allegheny County Court Reporter ten years ago, in 2004. Because the Complaint fails to state any claim for relief, and cannot be helped out by any amendment, *in forma pauperis* ("IFP") status will be granted, and the action dismissed with prejudice.

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis*, such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue,[1] (ii) the action is

---

[1] Which is a close call here. Plaintiff's IFP declaration reveals annual household income of about $21,000, the ownership of two (2) pieces of real estate, and three autos, and no creditors. While not an extravagant set of

1

frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint is "frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325 (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal

---

circumstances by any means, it is not nearly the situation usually seen by the Court when by Order, the standard filing fee is waived.

2

Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is proper under Rule 12(b)(6) where the court determines that the contradicted facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. *See., e.g., Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Even when measured against the most liberal of pleading standards, the Plaintiff's Complaint fails. First, even she concedes that the Defendants are private actors. ECF No. 1-1 at

3

3. The Plaintiff then makes boilerplate and/or unsubstantiated generalized allegations tying the Defendants to some undefined conspiracy with state actors to deprive her of civil rights, but provides little in way of support. When, as here, the Defendants are private actors, but there is an allegation that they conspired with others to deprive a plaintiff of rights secured by federal law, there must be sufficient facts pled to demonstrate the existence of an actual meeting of the minds between the private actors, and state officials, to effect a Constitutional deprivation. There must be facts supporting the conclusion, or at least inference suggesting, that there was an actual meeting of the minds. *Cahill v. Bensalem Twp. Police Dep't.*, 2014 WL 3557199 (E.D. Pa. July 17, 2014); *see Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F. 3d 159, 179 (3d Cir. 2010); *Startzell v. City of Philadelphia*, 533 f. 3d 183, 205 (3d Cir. 2008). The Complaint here does not meet that test:

   1. Plaintiff claims that the Defendants appeared in federal Bankruptcy Court in this District, and filed some sort of motion related to the Plaintiff's filing in that Court, which Chief Judge Deller allegedly denied. ECF No. 1-1 at 4-5. In any court, motions are made, and some are granted and some are not. In no imaginable way do the Plaintiff's allegations regarding the *denial* of motions by a judge (apparently in her favor) support either the claims of a civil rights conspiracy by these private actors with public officials, nor any potential substantive underlying Constitutional violation at all. Further, to the extent this action seeks to review Chief Judge Deller's Orders, an appeal of them is the proper vehicle.[2]

   2. Plaintiff claims that the Defendants apparently made a "similar" motion to Allegheny County Common Pleas Court Judge Paul Lutty at some undefined time in the past, which apparently was also denied, presumably on the merits. ECF No. 1-1 at 5. To the extent the Complaint is read as relating to a motion denied by Judge Lutty, there is and can be no claim; to the extent it relates to a motion granted by Judge Lutty, this civil rights action is not a vehicle by which the Court may review that state court order from several years ago. This Court can divine no basis to support the

---

[2] It appears that Ms. Scheib has now filed an appeal to this Court from Orders of Chief Judge Deller. *See* 2:14-cv-1294, ECF No. 1. While not very clear, the appeal appears to relate principally to an Order of United States Bankruptcy Judge Judith Fitzgerald dated January 23, 2002, and Ms. Scheib's more recent efforts before Chief Judge Deller to reopen and to revisit that Order.

4

"conspiracy" allegations the Plaintiff makes, nor any potential substantive Constitutional violation.[3]

3. Plaintiff alleges that the Defendant law firm and its various lawyers made political contributions to the campaign of Tom Corbett when he ran for election as Attorney General of Pennsylvania, at the same time that the Plaintiff was sending complaint letters to General Corbett, and that General Corbett did not respond to Plaintiff's complaints. ECF No. 1-1 at 6. There is no mention of Defendant Butcher as to these matters. Once again, there is nothing at all alleged to tie Plaintiff's alleged complaints to General Corbett to the Defendants here, or to support in any way her seemingly extravagant implication that the Defendants somehow bribed (via one or more otherwise lawful campaign contributions) now-Governor, then-Attorney General Corbett, years ago to not respond to the Plaintiff's complaints to then-Attorney General Corbett. There is nothing in the Complaint in these regards that even intimates the requisite "meeting of the minds", *e.g.* the underlying conspiracy founded on the necessary scienter.

4. Plaintiff alleges that in 2004, a lawyer from the Defendant law firm was given a business card by an Allegheny County Court Reporter, alleged to drum up future reporting business, and that later on, a transcript was prepared that allegedly erroneously attributed statements to Allegheny County Common Pleas Court Judge Timothy Patrick O'Reilly. ECF No. 1-1 at 7. Beyond the fact that this would be more than eight (8) years beyond the expiration of the two-year statute of limitations applicable to federal civil rights actions, *Koren v. Noonan*, 2014 WL 4589921, *4, n.3 (3d Cir. Sept. 16, 2014), there is simply nothing stated in this portion of the Complaint that supports a "civil rights conspiracy" as to the Plaintiff, or which would convert the private actor Defendants here to Defendants acting under the color of state law.

In the ordinary course, the Court would consider allowing the Plaintiff to amend her Complaint, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), but for the reasons noted above, the Complaint, read in the light most charitable to the Plaintiff, is little more than the latest chapter in a series of repetitive Complaints filed by the Plaintiff on the

---

[3] In this regard, Plaintiff has sent to the Court as an Exhibit an October 4, 2011 Order of Judge Lutty, apparently ordering her to pay attorneys fees to the benefit of an affiliate of BNY Mellon. ECF No. 2-1. Beyond the fact that this Court is without authority to review that Order of a state court judge, *Wagner v. UCBR*, 550 Fed. Appx. 99 (3d Cir. 2014), that document does not add any substance to the allegations of Plaintiff's Complaint. Her Complaint references the *denial* of a motion ("similar" to that before Chief Judge Deller) by Judge Lutty, seemingly filed by the Defendants here, which would again a judicial action in her favor.

docket of this Court, taking aim (without factual support) at one or more persons involved in a foreclosure action involving the Plaintiff, handled in state court many years ago.

In many ways, this Complaint is the worst of them all,[4] in that it does little more than allege that lawyers, seemingly litigating opposite to the Plaintiff in other judicial proceedings, made motions which were denied. That would in no way make them state actors, nor would it support a substantive Constitutional claim. Then, the Plaintiff asserts with no plausible support that the Defendant law firm made one or more otherwise legal campaign contributions to a statewide elected official who was at the same time not responding to complaints made by the Plaintiff when or how the Plaintiff wanted. That also does not in any way, shape or form make either Defendant a state actor, and offers up nothing more than a vague temporal correlation of events which would not support a Constitutional claim. Finally, the "business card" allegations related to an Allegheny County Court Reporter, wholly unidentified, not only fall nearly a decade beyond the applicable two-year statute of limitations, and implicate the internal operations of the state courts, but also do not in any fashion indicate what federal right was even impaired, by whom, or when, and do nothing to support the expansive conspiracy allegations of the Complaint.

The Plaintiff's assertions, as expressed in this lawsuit (and its predecessors), are not something that could be cured by any amendment, and the Court is aware of no basis in law that would resurrect, or even breathe life *ab initio,* into the Plaintiff's claims. This is not a situation in which an inartful, *pro se* Complaint simply needs to provide a more detailed fleshing out of facts

---

[4] A bankruptcy appeal on Plaintiff's behalf was dismissed for the failure to comply with the applicable rules, 2:98-cv-1038-DWA, ECF No. 2, Sept. 17, 1998. She has also litigated similar assertions against the IRS, 2:03-cv-1455-TMH, and Mellon Bank, N.A., 2:07-cv-0018-TFM and against the Commonwealth of Pennsylvania, Allegheny County, and Common Pleas Judge Judith Friedman. 2:14-cv-0008-MRH. Judge McVerry of this Court also noted that the Plaintiff has litigated issues regarding a 1999 Allegheny County real estate foreclosure, involving many of the same protagonists named in this Complaint, over and over and over. *Scheib v. Mellon Bank, N.A.,* 2:07-cv-0018-TFM, ECF No. 28 (June 13, 2007). This action is the latest serial installment in that litigation tale.

6

to pass over the *Twombley/Iqbal* bar, the essential premise of the *Grayson* "one amendment" rule. Instead, it is in reality only an attack borne of either disappointment or anger with one (1) named chief federal bankruptcy judge, one (1) current Governor/former Attorney General, one (1) named state court judge, one (1) unnamed state court reporter, and a law firm and one of its lawyers who filed two (2) motions relative to Plaintiff and apparently lost them both. This action is therefore dismissed with prejudice for its failure to state a claim.

An appropriate Order will follow.

/s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: September 25, 2014

cc: All counsel of record
    Ms. Carole Scheib

7